ALLE FLECKTEN, R. M. Rose, and Lee Brundage, Respondents, v. WARD COUNTY FARMERS PRESS, a Corporation, et al. W. A. BEARDSLEY, as Trustee of Ward County Farmers Press, Respondent. L. R. BAIRD, as Receiver of First Farmers Bank of Minot, North Dakota, a Corporation, and Einar Berge, Appellants.

(213 N. W. 498.)

**Appeal and error — judgment giving priority to chattel mortgage — reversed when not sustained by mortgage record.**

In an action to foreclose a mortgage and to determine the priority between

mortgages on the same property where the record shows that the findings of the trial court are not sustained by mortgage record and the documents themselves, the judgment will be reversed.

Opinion filed March 31, 1927.   Rehearing denied May 7, 1927.

Appeal and Error, 4 C. J. § 2854 p. 882 n. 22; § 2859 p. 889 n. 84.   Chattel Mortgages, 11 C. J. § 389 p. 648 n. 32.

Appeal from the District Court of Ward County, *Burr,* J.
Reversed.

*Halvor L. Halvorson (B. H. Bradford,* of counsel), for appellants.

*Dickinson & Johnson* and *L. J. Palda, Jr.,* and *C. E. Brace,* for respondents.

*Paul Campbell,* for respondent W. A. Beardsley.

BURKE, J.   This is an action to foreclose a chattel mortgage, and to determine the priority between mortgages upon the same property.

The plaintiff claims under a mortgage executed on March 20th 1920, made by the Ward County Farmers' Press and the Kenmare Journal, a corporation, to secure the sum of $10,000 to the directors of said corporation for money claimed to have been advanced and to be advanced for said corporation by the said directors, which mortgage was after the commencement of this action assigned to the plaintiff.

The defendant Baird, as receiver of the First Farmers Bank of Minot, claims under a mortgage executed on the 12th day of August 1919, by the Publishers National Service Bureau to one Grant Youman, to secure the payment of a promissory note for $3,000, which note and mortgage was thereafter assigned to the First Farmers Bank of Minot, and passed into the hands of L. R. Baird, receiver of said bank, and successor to G. R. Van Sickle, who was first appointed receiver of said bank action when the said bank became insolvent, and, also, under a mortgage dated January 28th, 1922, by the Ward County Farmers' Press to G. R. Van Sickle, receiver of the First Farmers Bank of Minot, and which mortgage passed into the hands of L. R. Baird as receiver of said bank.   The rights of the other defendants depend upon the priority of the mortgages.

The mortgaged property formerly belonged to the Kenmare Journal,

and on the first day of August, 1919, the Kenmare Journal, by its directors, entered in the following contract with the Publishers National Service Bureau, viz.:

"This agreement, made and entered into this 1st day of August, 1919, by and between the Kenmare Publishing Co. of Kenmare, Ward county, North Dakota, herein known as the first party, and the Publishers National Service Bureau, a corporation, the second party:

"Witnesseth: That the party of the first part, for and in consideration of the sum of five thousand four hundred dollars ($5,400), to be to him paid by the said second party, Publishers National Service Bureau, a corporation, in the manner and at the times hereinafter set forth, does hereby contract, covenant, and agree to sell, transfer, set over, and convey unto the said Publishers National Service Bureau, the second party, the following described property, now situated at Kenmare, in the county of Ward, state of North Dakota, to wit: That certain publishing business and newspaper known as the Kenmare Journal including subscription list and subscription accounts, goodwill, presses, type, printing material, office furniture, and all other property, material, office furniture, and all other property, material and things now used in the business of carrying on, printing and publishing the same Kenmare Journal as per inventory of said property taken by W. W. Liggett and the party of the first part.

"It is hereby further mutually agreed that the said second party shall have and be entitled to possession of all the above described property on and after the date of this agreement, and that the same will be physically delivered to it on said date, and that the said second party shall have the right to remove said property from its present location to any other point in the County of Ward, and shall have the right to take possession of and run said business and newspaper on said August 1st, 1919.

"It is further mutually agreed that said second party hereby agrees to pay, and the said first party hereby agrees to accept the said sum of five thousand four hundred dollars ($5,400) in payment of said property, said payment to be made in the manner and at the times following, to wit:

"The sum of one dollar in cash to be paid by said second party,

55 N. Dak.—26.

receipt of which is hereby acknowledged by the party of the first part, and the sum of $1,100 with deferred interest thereon to the First Farmers Bank of Minot, to cover an obligation against the Kenmare Publishing company held by said bank; the further sum of $1,800 to B. W. McLaughlin, representing notes held by said B. W. McLaughlin against the Kenmare Publishing Co.; and the further sum of $1,200 with accumulated interest thereon, representing notes held by the Mergenthaler Linotype Co. of New York against the Kenmare Publishing Co.; and in addition said second party agrees to liquidate and pay in full all current debts and obligations outstanding against the Kenmare Publishing Co. on the date of this agreement.

"In consideration of these payments the said first party agrees to turn over to said second party all accounts receivable to be applied on the payment of outstanding debts and to liquidate the shares of stock sold to members of the Kenmare Publishing Co.

"The purpose and object of this sale is to turn over all the physical assets and circulation, contracts, legality and good will of the Kenmare Publishing Company and the Kenmare Journal to the Publishers National Service Bureau so that the said Publishers National Service Bureau may merge and consolidate the machinery, circulation, subscription list, legality and good will of the said Kenmare Journal with a paper to be known as the Ward County Farmers Press soon to be started at Minot, Ward County, North Dakota, and the consideration of the sale is the payment by the said Publishers National Service Bureau of all outstanding debts and stock subscriptions of the Kenmare Publishing Co.

"In witness whereof the said first party has hereunto set its hand by its duly elected directors, pursuant to a motion regularly adopted at a directors' meeting, and the second party has caused these presents to be executed by it in its corporate name by its general manager, W. W. Liggett, this 1st day of August, 1919.

| | |
|---|---|
| "J. B. Weinburger | "Directors of the Kenmare Publish- |
| "Albert Stark | ing Co. Party of the First Part. |
| "John E. Fleckten | "W. W. Liggett |
| "Merit Richards | "Its general manager Party of the |
| "John Modin | Second part." |
| "Elmer W. Cart | |

The minutes of the Ward County Farmers Press, January 10, 1920, on page 20, shows the following motion:

"It was moved, seconded and carried that no additional help be employed by the business manager in the operation of the business, without such increased employment list being first submitted and approved by the Publishers National Service Bureau."

On page 26 the following motion: "Moved and seconded that the manager be instructed to get a copy of our lease from the Service Bureau. Carried."

On page 47 is the following resolution:

"Whereas the Publ. Natil. Service Bureau, a North Dakota corporation, has offered to transfer to this corporation the printing establishment offered by this corporation in the city of Minot, a more specific description of which property is made in the Bill of Sale tendered by the said corporation upon the terms and for the consideration named in a certain contract this day tendered to this corporation a copy of which said contract is hereto attached and marked 'Exhibit A,' and

"Whereas: It is the opinion of the directors of this corporation now present and in special meeting assembled that it would be and is for the best interest of the said corporation that the said offer be accepted.

"Now therefore: The president and secretary of this corporation are hereby authorized, empowered and directed to make and enter into said contract and to execute the same on behalf of this corporation.

"Moved by Wallin, seconded by Beardsley that the secretary and President be authorized and empowered to execute two notes, one for $3,000 and one for $1,197.90 payable to the First Farmers Bank of Minot."

In the contract of sale entered into on the 21st day of May, 1921, the property sold by the Publishers National Service Bureau to the Ward County Farmers Press is described as follows:

"The present printing plant and all stock of materials, machinery, subscription list, good will and other personal property of every name, nature and description now located in or used in and about the said Ward County Farmers' Press in what is known as the basement of the Anderson Block in the City of Minot, Ward county, North Dakota."

And the contract provides that:

"The second party has accepted and hereby does accept the said offer

and in consideration thereof and as payment therefor the said party of the second part assumes and agrees to pay those certain obligations of the party of the first part which are described as follows:

"A note for $3,000 and interest, which said note was executed and delivered by the said party of the first part to the First Farmers Bank of Minot, N. D. and is secured by a mortgage upon the said property hereinbefore described:

"A note for $908.20 and interest thereon, that being the balance now due upon a certain note for the sum of $1,861.50 given by the party of the first part to the First Farmers Bank of Minot, North Dakota, and has agreed and hereby agreed to indemnify and hold harmless the said party of the first part of and from any and all loss or liability in connection with the said debts so assumed."

On the same day, viz., the 21st day of May, 1921, the Publishers National Service Bureau, by A. L. Aarhus, its manager, gave to the Ward County Farmers Press a bill of sale of all the said property. It is clear from the foregoing documents, that the Kenmare Publishing company sold and delivered the property to the Publishers National Service Bureau, a corporation; that the Publishers National Service Bureau executed and delivered to Grant S. Youmans a mortgage to secure a note for $3,000, which was thereafter assigned to the First Farmers Bank of Minot, and is one of the notes and mortgages under which Receiver Baird claims the property.

The Publishers National Service Bureau leased the property to the Ward County Farmers Press; the date or the terms of the lease are not given, but the minutes of the Ward County Farmers Press show that the Farmers Press recognized the lease and, that on the 21st day of May, 1921, they entered into a contract with the Publishers National Service Bureau to purchase, and did purchase, said property on said date, receiving from said Publishers National Service Bureau a bill of sale therefor. The record further shows that the Ward County Farmers Press not only recognized the title of the Publishers National Service Bureau to said property, but recognized, assumed, and agreed to pay the note in question, that is, the $3,000 note which the contract says, "Is secured by a mortgage upon said property hereinbefore described," (which is the identical property in question), and the Ward County Farmers Press authorized their president and secretary to purchase the

said property from the said Publishers National Service Bureau, and in accordance therewith, the contract and bill of sale was duly executed. The president and secretary of said Ward County Farmers Press on said date, the 21st of May, 1921, made and delivered to the First Farmers Bank of Minot a promissory note for $3,000, and which note was thereafter and on the 28th day of January, 1922, renewed, and was on the date of renewal, viz., January 28th, 1922, marked "Renewed" and secured by chattel mortgage on said property.

The plaintiff claims under a mortgage executed by the Ward Co. Farmers Press, March 20th, 1920, but the Ward County Farmers Press did not own the property when the mortgage was executed, nor until the 21st of May 1921. The mortgagees in the mortgage under which the plaintiff claims were directors of the Ward County Farmers Press when the mortgage was given to them, and they knew at the time of its execution that the Ward County Farmers Press did not own the property mortgaged and had no right to mortgage the same. They knew at the time of purchasing said property from the Publishers National Service Bureau, that the $3,000 mortgage on the property, under which the defendant claims, was a part of the purchase price which the Ward County Farmers Press assumed and agreed to pay to the First Farmers Bank of Minot, for and on behalf of the Publishers National Service Bureau.

It follows that the mortgages under which receiver Baird claims the right to said property are prior and superior to the mortgage under which the plaintiff claims. The judgment of the trial court must be and is reversed, and any and all further proceedings necessary, be in accordance herewith.

BIRDZELL, Ch. J., and CHRISTIANSON and NUESSLE, JJ., and BUTTZ, Dist. J., concur.

BURR, J., being disqualified, did not participate; Honorable C. W. BUTTZ, Judge of the Second Judicial District, sitting in his stead.